## EXECUTORS OF MORGAN *v.* C. D. MÉTAYER.

The death or insolvency of one debtor *in solido* does not release or extinguish the right of *solidarity* which the creditor has against the others ; and the acknowledgment of a debt, by placing it on a tableau of distribution made by the syndic of a debtor *in solido*, who is insolvent, interrupts prescription as to the other debtors bound *in solido* with him.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin,* J. A. H. Pierson, for plaintiff. *Kearney & Hamilton,* for defendant and appellant.

LAND, J. The only question in this case is, whether the acknowledgment of a debt, and placing the same on a tableau of distribution, by the syndic of an insolvent debtor *in solido,* interrupts prescription as to the other debtors *in solido.*

It is a general rule that the service of citation upon one debtor *in solido,* or his acknowledgment of the debt, interrupts the prescription with regard to all the others, and even their heirs and sureties.

Pothier says, " There is a great difference between an acknowledgment made after the time of the prescription is accomplished, so as to destroy it, and one made before, which has the effect only of interrupting it ; the latter may be made not only by the debtor himself, but also by a *tutor, curator,* or *person having a general procuration ;* it may be made by the debtor himself, though a minor, without his being entitled to restitution against it." He further says, " Any act by which the debtor acknowledges the debt interrupts the time of prescription, whether it be passed with the creditor, or without him. For instance, if in the inventory of the effects of the debtor, the debt is included amongst the charges (*parmi le passif*), such inventory though not made with the concurrence of the creditor, is an act which recognizes the debt, and interrupts the prescription. Pothier on Obligations, Nos. 658, 665.

In this case, the syndic acknowledged the debt before the time of prescription had been accomplished, and in a mode that would have been obligatory on the debtor himself.

It is not disputed that a *tutor, curator,* or *other administrator,* under our jurisprudence, may acknowledge a debt so as to interrupt prescription ; and consequently, when the debt is *in solido,* the legal effect of the acknowledgment, under the rule above mentioned, is to interrupt the prescription as to the other debtors *in solido,* their heirs and sureties. And we perceive no sufficient legal reason to induce us to hold that the syndic of an insolvent debtor *in solido* has not the same power as his legal representative in all rights of action, and of property, to interrupt prescription by an acknowledgment of the debt. So long as the liability is *in solido,* the acknowledgment of one debtor, or his legal representative, must have its legal effects, as to the others. The death or insolvency of one debtor *in solido* does not release or extinguish the right of *solidarity* which the creditor has against the others. This right can only be released or renounced by the consent or agreement of the creditor. Pothier on Ob., No. 277.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.